[No. 19949. Department Two. February 23, 1927.]

ASTORIA NATIONAL BANK, *Appellant,* v. C. R. BAKER *et al., Respondents.*[1]

[1] GIFTS (4, 8)—DELIVERY—EVIDENCE—SUFFICIENCY. A gift by a father to a daughter of the stock and personal property upon a farm is sufficiently established by proof that she took and maintained possession and complete dominion over the same for seven years, that at the same time the father made a gift of money in equal amount to his other only daughter, and disinterested witnesses testified to statements of the father acknowledging the gift.

Appeal from a judgment of the superior court for Pacific county, Hewen, J., entered October 3, 1925, upon findings in favor of the defendants, in an action of attachment, tried to the court. Affirmed.

*Herman Murray* and *Edgar M. Swan,* for appellants.

*Welsh & Welsh* and *Graham & Snelling,* for respondents.

PARKER, J.—This controversy arose over the claim of C. R. Baker and wife to certain farm livestock, as belonging to them, which had been levied upon, while in their possession, by the sheriff of Pacific county as the property of Mrs. Irma Sinclair, under a writ of attachment issued out of the superior court for that

[1]Reported in 253 Pac. 462.

county at the suit of The Astoria National Bank. The claim of Baker and wife was duly made as provided by Rem. Comp. Stat., §§ 573-577, [P. C. §§ 7843-7847] relating to adverse claims to property levied upon, and trial was had accordingly before the court sitting without a jury, resulting in findings and judgment decreeing title to the property to be exclusively in Baker and wife and not subject to such levy. From this judgment, the bank has appealed to this court.

In the year 1917, and prior thereto, Frank H. Yeaton, the father of Mrs. Baker and Mrs. Sinclair, owned a farm in Pacific county, with personal property and livestock thereon. In the fall of that year, as claimed by Baker and wife, the father gave to them the livestock and other personal property on the farm. The livestock here in question is the same as then on the farm, except as to some changes occurring by natural increase and purchase and some decrease by sale and death, but evidently the quantity has remained substantially the same at all times since 1917. Baker and wife then took exclusive possession of the stock and other personal property and have ever since then had exclusive possession thereof, managing, marketing and appropriating to themselves the whole of the proceeds thereof.

About the time of Baker and wife so taking possession of the property, the father gave to Mrs. Sinclair seven thousand dollars in money. We are not advised with certainty as to the value of the personal property then taken possession of by Baker and wife, but evidently the value of such personal property did not then exceed seven thousand dollars. Mrs. Baker and Mrs. Sinclair are the only children Yeaton ever had. He was then a widower, his wife, their mother, had died several years previous. In December, 1919, the father died intestate, so that then Mrs. Baker and Mrs.

Sinclair became his only heirs and entitled to the whole of his estate.

In June, 1923, Mrs. Sinclair executed and delivered to the Astoria bank her promissory note evidencing her indebtedness to the bank in the sum of three thousand dollars. This note falling due and being unpaid, the bank, in May, 1925, sued Mrs. Sinclair thereon in the superior court for Pacific county, and caused the attachment to be issued in pursuance of which the sheriff levied upon the livestock in the possession of Baker and wife, when they made claim thereto, which was followed in due course by trial and judgment in their favor, as already noticed.

[1] There is nothing here calling for serious consideration, other than the question of fact as to whether or not the claimed gift of the personal property by the father to Baker and wife was fully consummated in 1917. The giving of the personal property by the father into the actual possession of Baker and wife in 1917, their exclusive dominion over the property continuously thereafter, their appropriation of the entire earnings and proceeds thereof, no claim being made thereto by Mrs. Sinclair or anyone else in the slightest degree disputing the right of Baker and wife in their claim of ownership of the property, and these conditions prevailing during the whole period from December, 1917, to the time of the levying of the attachment at the instance of the bank in May, 1925, and the additional fact that a gift of equal or greater value was in 1917 also made to Mrs. Sinclair, it seems to us, falls little short of conclusively showing the title of the property to be now in Baker and wife. However, in addition to these facts, we have the testimony of four apparently disinterested witnesses, each testifying in substance that, in the fall of 1917, Yeaton, the father, had told him that he, Yeaton, had given the

personal property and the livestock on the farm to "Alice" and "Bud", meaning the daughter Mrs. Baker and her husband.

The only circumstance which to our minds furnishes any argument whatever against the conclusion that the father gave to Mrs. Baker and her husband the personal property in 1917 is the fact that, in the years 1922 to 1925, inclusive, Baker seems to have caused the personal property upon the farm to be assessed for taxation in the name of "Yeaton Estate." His explanation of this is, in substance, that he and his wife had other interests and it was their desire to keep the management of this property as a separate business. We do not think that so causing the property to be assessed can now, in the light of the practically undisputed facts above summarized, be viewed as an admission of ownership of any portion of the personal property in Mrs. Sinclair. Surely, under the circumstances, Mrs. Sinclair would not be entitled to recover any interest in this property, rested alone upon this manner of Baker's causing it to be assessed. It is to be noticed that there is no showing or claim that Baker caused the property to be so assessed during any of the five years immediately following its acquisition by himself and wife as a gift from the father.

Some other contentions are briefly suggested, particularly touching the procedure followed in the superior court. These, we think, are so wholly without substantial merit as not to call for further discussion.

The judgment is affirmed.

Mackintosh, C. J., Tolman, Bridges, and Askren, JJ., concur.